**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LINDA ROBINSON AS ADMINISTRATRIX
FOR THE ESTATE OF LAVERNE GRIFFIN,
*et al.*,

                Plaintiffs,

                v.

ALLSTATE, *et al.*,

                Defendants.

Civil Action No. 22-6527 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Defendants Allstate, Allstate Retirement Plan, and Allstate 401(k) Savings Plan's (collectively, "Defendants") Motion to Dismiss Plaintiffs Linda Robinson, as Administratrix for the Estate of Laverne Griffin ("Laverne"), Michael Williams, and Zachary Williams's (collectively, "Plaintiffs") Complaint. (ECF No. 6.) Plaintiffs did not oppose. The Court has carefully reviewed the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons set forth below, the Court grants Defendants' Motion.

I.  **BACKGROUND**[1]

In this action, Plaintiffs allege (1) breach of contract, (2) breach of fiduciary duty, (3) bad faith, and (4) injunctive relief. (Compl. ¶¶ 30-47, Ex. A, ECF No. 1-1.) Decedent Laverne was employed by, and retired from, Allstate and had several employment-related accounts for benefits. (*Id.* ¶¶ 6-7.) Laverne was married to Jerry Williams ("Jerry") during her employment. (*Id.* ¶ 8.) Laverne designated Jerry as the primary beneficiary of her Allstate Retirement Plan and 401(k) Savings Plan. (*See generally* Insurance Policy *16, Ex. A.)[2] In April 2020, Laverne and Jerry entered into a Marital Settlement Agreement in which Jerry waived all rights to Laverne's accounts and the parties agreed Jerry would receive $60,000 from Laverne for his interest in their home. (Compl. ¶ 12.) The Superior Court of New Jersey proceeded to enter a Judgment of Divorce on October 5, 2020. (*Id.* ¶ 13.) Laverne paid Jerry the $60,000, and later passed away on May 2, 2021. (*Id.* ¶¶ 6, 15.)

Following Laverne's death, Plaintiffs allege that they wrote to Allstate several times regarding Jerry's disentitlement to payments from Laverne's Allstate accounts and obtained an Order from the Superior Court of New Jersey Chancery Division enforcing their rights. (*Id.* ¶¶ 17, 21-25.) Ultimately, Plaintiffs allege that Defendants have wrongfully paid or wrongfully intend to pay Jerry benefits for which the Superior Court has determined he is not entitled. (*Id.* ¶ 29.)

II.  **LEGAL STANDARD**

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable

---

[1] For purposes of the instant Motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[2] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Importantly, on a Rule 12(b)(6) motion to dismiss, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III. **DISCUSSION**

As a preliminary matter, the Court notes that the deadline for Plaintiffs to oppose Defendants' Motion has elapsed, and Plaintiffs have failed to file any opposition. "[T]he Court is nevertheless required to address a defendant's motion to dismiss on the merits even if it is unopposed by a plaintiff." *See Perry v. CDS Software, LLC*, No. 17-1397, 2017 WL 1712519, at *1 (D.N.J. May 1, 2017). Defendants contend that the Complaint fails to state a claim upon which relief may be granted because Plaintiffs' common law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). (Defs.' Moving Br. 2-3, ECF No. 6.)

The ERISA preemption provision "supersede[s] any and all State laws insofar as they . . . relate to any employee benefit plan[s]." 29 U.S.C. § 1144(a). To analyze whether a state law claim "relates to" an employee benefit plan, the Supreme Court of the United States has explained that if the existence of a plan is a critical factor in establishing liability, the "cause of action relates not merely to . . . benefits, but to the essence of the . . . plan itself." *Ingersoll-Rand Co. v. McClendon*,

---

[3] Hereinafter, all references to a "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

498 U.S. 133, 139-40 (1990). ERISA's preemption clause is broad in scope and "is not limited to state laws specifically designed to affect employee benefit plans." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987). Instead, state common law claims, such as those alleged by Plaintiffs, are within the purview of ERISA's preemption clause if they relate to an ERISA-governed plan. *Early v. U.S. Life Ins. Co. of N.Y.*, 222 F. App'x 149, 151-52 (2007). As summarized by the Supreme Court, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy . . . is therefore preempted." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004).

Here, Plaintiffs' claims fall entirely within ERISA's preemption clause, as the claims relate to an employee benefit plan per the standard set forth in *Ingersoll*. *See Ingersoll*, 498 U.S. at 139-40. Simply put, Plaintiffs' claims for breach of contract, breach of fiduciary duty, bad faith, and injunctive relief arise out of the benefits of the ERISA-governed plan(s) of Allstate; the claims are sufficiently "related to" the benefits plan because the plan is a critical factor in establishing liability. *See id.* For example, Plaintiffs' claim for bad faith alleges that Defendants "have engaged in bad faith in . . . their handling of benefits payments." (Compl. ¶ 38.) And claims for benefits and breach of contract have regularly been found to be preempted by ERISA. *E.g.*, *Wirth v. Aetna U.S. Healthcare*, 469 F.3d 305, 309 (3d Cir. 2006) (determining that a claim for "benefits due" falls under the category of claims that challenge the "administration of benefits," which preempt a state law breach of contract claim); *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 82-83 (3d Cir. 2012) (finding that state common law claims, such as breach of contract, are included in the definition of "state law" as preempted by ERISA). Thus, Plaintiffs' claims are preempted by ERISA.

IV. **CONCLUSION**

For the foregoing reasons, the Court grants Defendants' Motion. The Court will enter an Order consistent with this Memorandum Opinion.

                                                                              /s/ Michael A. Shipp
                                                                              **MICHAEL A. SHIPP**
                                                                              **UNITED STATES DISTRICT JUDGE**